# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS CHRISTOPHER, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-17-387-SPS |
| | ) |
| **COMMISSIONER of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

The claimant Dennis Christopher, Jr. requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was twenty-nine years old at the time of the administrative hearing (Tr. 27, 154). He has two years of college and has worked as a customer service representative and home health aide (Tr. 32, 46, 169). The claimant alleges he has been unable to work since March 1, 2013, due to bipolar I disorder, social anxiety disorder, depression with psychotic feature, and obsessive compulsive disorder (Tr. 168).

## Procedural History

On September 24, 2015, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 154-55). His application was denied. ALJ Doug Gabbard, II conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated October 6, 2016 (Tr. 13-22). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioners' final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except he could not climb ladders, ropes, or scaffolds. The ALJ further limited the claimant to semi-skilled work (work which requires understanding, remembering, and carrying out some detailed skills, but does not require doing more complex work duties); interpersonal contact with supervisors and coworkers

on a superficial work basis; no contact with the general public; normal, regular work breaks; and only occasional workplace changes (Tr. 17-18). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was other work he could perform in the national economy, *e. g.*, industrial cleaner, and laundry worker I (Tr. 20-21).

**Review**

The claimant contends that the ALJ erred by failing to properly evaluate the opinion of treating physician Dr. Teresa Farrow. The Court agrees, and the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further proceedings.

The ALJ found the claimant's morbid obesity, hypothyroidism, affective disorder, anxiety, and personality disorder were severe impairments, and that his hearing loss, tinnitus, bilateral nerve damage, hypertension, shortness of breath, and foot swelling were nonsevere (Tr. 15-16). The relevant medical evidence reveals that Dr. Farrow regularly treated the claimant from October 2014 through at least August 2016, the last treatment note in the record (Tr. 247-49, 263-67, 282-89, 311-21). Her diagnoses included, *inter alia*, bipolar disorder, depressed, severe, with psychotic features; panic disorder with agoraphobia; generalized anxiety disorder; social phobia; and obsessive compulsive disorder (Tr. 249). Dr. Farrow's treatment notes reflect that the claimant's symptoms waxed and waned, but she consistently noted he had a depressed and anxious mood, congruent affect, fair insight, and fair concentration (Tr. 247-49, 263-65, 282-84, 287-90, 311-16). Dr. Farrow also generally noted that the claimant's status was improving,

however, she noted his status was worsening in June 2016 and she noted it was stable in August 2016 (Tr. 265, 284, 289, 313, 316).

On June 20, 2016, Dr. Farrow completed a Medical Source Statement ("MSS"). She opined that the claimant would be absent from work about three or more days per month due to depression, anxiety, frequent suicidal ideations, no energy, no motivation, panic attacks, and occasional hallucinations and paranoia (Tr. 298). As to unskilled work requirements, Dr. Farrow opined that in a routine work setting, the claimant could understand, remember, and carry out simple instructions, but could not make simple work-related decisions; respond appropriately to supervision, coworkers, or work situations; deal with changes; maintain concentration and attention for extended periods; handle normal work stress; or attend any employment on a sustained basis (Tr. 299). Dr. Farrow further stated that the claimant's impairments and symptoms would cause him to take unscheduled breaks during an eight-hour work day (Tr. 299).

Additionally, Dr. Farrow completed a Mental RFC Questionnaire, wherein she stated that the claimant was limited but satisfactory in his ability to remember work-like procedures; understand, remember, and carry out very short and simple instructions; make simple work-related decisions; and maintain socially appropriate behavior (Tr. 303-04). Dr. Farrow found that the claimant was seriously limited but not precluded in his ability to ask simple questions, request assistance, and adhere to basic standards of neatness and cleanliness (Tr. 303-04). She found claimant was unable to meet competitive standards in his ability to get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes (Tr. 303). Dr. Farrow found the claimant had no useful

ability to function in the sixteen remaining mental abilities and aptitudes she evaluated, including his ability to maintain attention for a two-hour segment, accept instructions and respond appropriately to criticism from supervisors, and interact appropriately with the general public (Tr. 302-04). Dr. Farrow concluded that the limitations she described had been applicable since "at least 2013." (Tr. 305).

On November 16, 2015, state agency psychologist William H. Farrell, Ph.D. completed a Mental RFC Assessment and found that the claimant was moderately limited in his ability to understand, remember, and carry out detailed instructions; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to perform at a consistent pace without an unreasonable number and length of rest periods; and to respond appropriately to changes in the work setting, and markedly limited in his ability to interact appropriately with the general public (Tr. 73-74). Dr. Farrell explained that the claimant could perform simple and some complex tasks with routine supervision, relate to supervisors and peers on a superficial work basis, and adapt to a work situation, but could not relate to the general public (Tr. 75). Dr. Farrell's findings were affirmed on review (Tr. 86-89).

In his written opinion, the ALJ summarized the claimant's testimony and the medical evidence. The ALJ gave the state agency psychologists' opinions substantial weight, finding they were consistent with the serial mental status findings, treating records, function reports, objective medical evidence, and the overall longitudinal record in its entirety (Tr. 20). The ALJ then assigned "less weight" to Dr. Farrow's opinion, noting it

was inconsistent with the claimant's treatment records, specifically the note dated August 9, 2016, that showed he was stable (Tr. 20).

The medical opinions of a treating physician such as Dr. Farrow are entitled to controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by considering the following factors: (i) the length of the treatment and frequency of examinations, (ii) the nature and extent of the treatment relationship, (iii) the degree of relevant evidence supporting the opinion, (iv) the consistency of the opinion with the record as a whole, (v) whether the physician is a specialist, and (vi) other factors supporting or contradicting the opinion. *Watkins*, 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The ALJ was required to evaluate for controlling weight Dr. Farrow's opinions as to the claimant's functional limitations. Dr. Farrow's MSS contained functional limitations that the ALJ rejected because he found her opinion was inconsistent with the claimant's treatment notes that showed he was in stable condition as of August 2016. In making such

findings, however, the ALJ ignored the waxing and waning nature of the claimant's mental impairments, including Dr. Farrow's June 2016 statement that the claimant's condition was worsening, as well as consistent examination findings that the claimant had a depressed and anxious mood, congruent affect, fair insight, and fair concentration despite treatment with psychotropic medication (Tr. 247-49, 263-65, 282-84, 287-90, 311-16). Thus, the ALJ erred by failing to discuss *all* of the evidence related to the claimant's impairments and citing only evidence favorable to his finding of non-disability. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).

Additionally, the ALJ discounted Dr. Farrow's opinion without specifying any inconsistencies between her opinion and the evidence of record or providing any analysis in relation to the pertinent factors set forth above. *See, e.g., Langley,* 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300. *See also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are.") [citation omitted]. The Commissioner argues that Dr. Farrow's opinion is inconsistent with evidence the ALJ summarized elsewhere in the opinion,

including Dr. Farrow's own treatment notes and Dr. Feist's consultative examination findings.  However, this amounts to an improper post-hoc argument, as the ALJ made no attempt to disregard Dr. Farrow's opinion on this basis.  *See Haga,* 482 F.3d at 1207–08 ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].

Because the ALJ failed to properly evaluate the opinions of the claimant's treating physician, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis.  On remand, the ALJ should evaluate Dr. Farrow's opinion in accordance with the appropriate standards and determine what impact such evaluation has on the claimant's RFC and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 6th day of March, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**